<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>ECHELON SIX HOSPITALITY, LLC, a Michigan Limited Liability Company; MIZAN RAHMAN, an individual; ABDULLAH CHOWDHURY, an individual; MOHAMMED RAHMAN, an individual; SHAFIQUL ISLAM, an individual; BASSAM ALAMEER, an individual; and MATIN RAHMAN, an individual,<br><br>*Defendants*. | Civil No.: 21-cv-1866 (KSH) (CLW)<br><br><br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.      Introduction**

Plaintiff Days Inns Worldwide, Inc. ("Days Inn") initiated this action against defendants Echelon Six Hospitality, LLC ("Echelon"), Mizan Rahman, Abdullah Chowdhury, Mohammed Rahman, Shafiqul Islam, Bassam Alameer, and Matin Rahman arising from their alleged breach of a franchise agreement and guaranty.  Defendants failed to respond to the complaint, and Days Inn moved (D.E. 22) for default judgment against them.  For the reasons that follow, the motion is granted.

**II.     Background**

The facts are gleaned from the complaint.  (D.E. 1.)  In September 2016, Days Inn executed a franchise agreement with Echelon to operate a Days Inn hotel in Bowling Green, Ohio.  (Compl. ¶ 27 & Ex. A.)  The franchise agreement called for Echelon to, among other things, operate the hotel for a 15-year term, make certain payments to Days Inn (the "recurring

1

fees"), and pay interest on all past due amounts.[1]  (Compl. ¶¶ 29-31.)  It also provided for liquidated damages upon Days Inn's premature termination of the agreement, which could occur if Echelon ceased operating the hotel as a Days Inn establishment or "lost possession or the right to possession" of it.  (*Id.* ¶¶ 34-35.)  The individual defendants executed a guaranty obligating them to, among other things, perform Echelon's obligations under the franchise agreement in the event of default.  (*Id.* ¶¶ 38-40 & Ex. C.)

On or about July 3, 2020, Echelon notified Days Inn that the city of Bowling Green and its fire marshal had closed the hotel due to structural damage and safety hazards, which resulted in termination of the franchise agreement.  (Compl. ¶ 41.)  By letter dated July 28, 2020, Days Inn acknowledged the termination and demanded payment of $188,000.00 in liquidated damages, as well as payment of outstanding recurring fees.  (*Id.* ¶ 42 & Ex. D.)

Days Inn filed suit against defendants on February 4, 2021, seeking monetary damages for breach of contract, unjust enrichment, and violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  (D.E. 1.)  Approximately three months later, the parties executed a consent order in which defendants acknowledged service of the summons and complaint and secured an extension of time until June 1, 2021 to respond.  (D.E. 13, 14.)  However, defendants did not file a response to the complaint, and have not otherwise taken any action to defend this case.  (*See* D.E. 18.)  Accordingly, the clerk entered default against them on July 14, 2021.

Days Inn now moves (D.E. 22) for default judgment against defendants, relying on a certification of counsel (D.E. 22-3, Couch Cert.) and the affidavit of Suzanne Fenimore (D.E. 22-

---

[1] Days Inn and Echelon also executed a "SynXis Subscription Agreement" governing Echelon's access to and use of certain computer programs and services, which similarly required Echelon to pay recurring fees.  (Compl. ¶¶ 28, 30 & Ex. B.)

4, Fenimore Aff.), its Vice President of Contracts Compliance.  It seeks a $261,698.83 judgment to recoup the liquidated damages ($226,381.94) and outstanding recurring fees ($35,316.89) owed to it under the franchise agreement and guaranty.  (*See* D.E. 22-2.)  To date, defendants have not filed opposition.

### III.   Discussion

#### A.  Legal Standard

The Court may enter default judgment against a properly served defendant who does not file a timely responsive pleading.  *See* Fed. R. Civ. P. 55(b)(2).  "[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).  That "discretion is not without limits," however, and it is preferred that "cases be disposed of on the merits whenever practicable." *Id.* at 1181.  Accordingly, before entering default judgment, the Court must determine whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Louisiana Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F.Supp.2d 359, 364 (D.N.J. 2008) (internal citations and quotations omitted).  The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served.  *See Baymont Franchise Sys., Inc. v. Shree Hanuman, Inc.*, 2015 WL 1472334, at *2, 3 (D.N.J. Mar. 30, 2015) (McNulty, J.).

Once the Court is satisfied as a threshold matter that it has jurisdiction over the suit and that the plaintiff has pled a legitimate cause of action, it must then "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to

3

default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### B. Analysis

Here, the Court has subject matter jurisdiction over the instant lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338 because the complaint alleges violations of federal trademark law (Compl. ¶¶ 46-56), and pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship (*id.* ¶¶ 1-9) and the amount in controversy exceeds $75,000 (*id.* ¶ 10). The Court also has personal jurisdiction over defendants because they consented to the jurisdiction of this Court in the franchise agreement and guaranty. (*Id.* ¶¶ 12-13 & Ex. A § 17.6.3, Ex. C.) Additionally, defendants acknowledged that they were personally served with the complaint in a consent order entered by the Court, yet failed to answer or otherwise respond to it despite obtaining an extension to do so. (*See* D.E. 14.) Accordingly, the Court is satisfied that the requisite threshold showing for entry of default judgment has been established.

The Court is also satisfied that Days Inn has asserted a legitimate breach of contract claim, the only cause of action for which it seeks relief in the instant motion. Days Inn has pled that: (i) it entered into a valid franchise agreement and guaranty with defendants; (ii) they breached those agreements by failing to pay liquidated damages for premature termination and outstanding recurring fees through the date of termination; and (iii) it suffered damages as a result. (Compl. ¶¶ 63-77; *see* Fenimore Aff. ¶¶ 15-17, 24-26.) Those allegations are sufficient to assert a breach of contract claim under New Jersey law. *See Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (New Jersey breach of contract claim requires "(1) the existence of a valid contract between the parties;

4

(2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages").

The remaining factors—*i.e.*, the existence of a meritorious defense, the prejudice suffered by Days Inn, and defendants' culpability—weigh in favor of granting Days Inn's motion. *See Emcasco*, 834 F.2d at 74. Although defendants' failure to answer the complaint makes it difficult to analyze the first factor, the Court's independent review of the record does not reveal a meritorious defense. *See United States v. Shemesh*, 2021 WL 3706735, at *2 (D.N.J. Aug. 19, 2021) (McNulty, J.). Turning to the second factor, defendants' failure to answer has prevented Days Inn from "prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion," *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (Simandle, J.), and it "will suffer prejudice if the Court does not enter default judgment as [it] has no other means of seeking damages for the harm allegedly caused by [defendants]." *Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (Linares, J.). Finally, "[a]bsent any evidence to the contrary," defendants' failure to answer "evinces [their] culpability in [the] default.'" *Great Am. Ins. Co. v. Fast Time Constr., LLC*, 2021 WL 4306829, at *3 (D.N.J. Sept. 21, 2021) (McNulty, J.) (internal citations and quotations omitted); *see Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (Arleo, M.J.). Here, there is no evidence of an exculpatory nature that would militate against a finding of culpability.

Having determined that entry of default judgment is appropriate, the Court must assess whether Days Inn is entitled to the amount sought. Days Inn seeks a $261,698.83 judgment comprised of $226,381.94 in liquidated damages (principal plus prejudgment interest) and $35,316.89 in recurring fees (principal plus prejudgment interest), both of which are grounded in

the express terms of the franchise agreement.  (*See* Compl. at Ex. A §§ 7, 12.1, 18.1.)  The Court is satisfied based on both the explanations provided in the Fenimore Affidavit and the itemized statement attached to it that Days Inn correctly calculated the amount of outstanding liquidated damages and recurring fees.  (*See* Fenimore Aff. at ¶¶ 17, 21-25 & Ex. E.)  Accordingly, Days Inn is entitled to judgment against defendants in the amount sought.

### IV.     Conclusion

For the foregoing reasons, Days Inn's motion for default judgment (D.E. 22) is granted. An appropriate order and judgment will follow.

Date: February 28, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.